17-3-1-7-0. Good morning. I'm Paige Nichols on behalf of the appellant Mr. Godinez-Perez. I'm going to do my best to save a few minutes of rebuttal time. What does it mean when this court vacates a sentence of imprisonment and sends the case back for a new sentencing without limit? Here's what Smith said in 1991. Such an order directs the sentencing court to begin anew. That sounds kind of like an imperative. Comma. So that fully de novo resentencing is entirely appropriate. That sounds a little permissive. Period. The defendant is accorded the same procedural rights on resentencing as on the initial sentencing. That brings us back to sounding like an imperative. So how has this court read that language from Smith since then? In the few years after, this court read that language in an imperative way. In Saucedo in 1992, this court said the defendant who got an unlimited remand order was entitled to raise any non-frivolous objection to the new pre-sentence report. Ziegler in 94, when a sentence is ordered vacated and the matter is remanded for resentencing, the defendant reappears before the court with a clean slate being placed in the same position as if he'd never been sentenced. Well, counsel, let's just cut to the chase, then. What is your position when I think the court, when you raise issues that have standards of which the trial court is obligated to apply, such as abuse of discretion or is it a de novo matter, isn't that what we're really talking about up here is whether or not the trial court properly, because it looked to me like you raised these issues, but if it's the court has the discretion to either rule on it or not rule on it, how is there error, then, if the trial court says, I'm not going to go there? So we read these cases that I've been reciting right now as not giving the court discretion to not decide, that the court's discretion is to grant or deny, but the court can't decide not to decide when it's conducting what this court has called a fully de novo resentencing. Otherwise, it's simply not a de novo resentencing. It's something else. What's the standard that you apply when the district court is looking at a variance instead of a departure? What's the standard that the court applies in a variance? So if we were appealing from simply a denial of the variance, then I think this court would be looking for reasonableness and abuse of discretion, depending on the basis of the denial. So what changes that? The difference here is this, and I think this is the first time this court has seen this situation, where the court. Well, me, it sure is. Me, too. Where the court simply said, I am not going to decide this. I am going to. And she believed, the district court believed that it had discretion to decide not to decide. And that's where we differ with the district court and with the government on this. Well, then, that's where the argument is, and maybe I better let you continue to argue, because we may differ on that. So go ahead. Well. Let me ask you a question, because you may be right that we've never decided specifically this. We have language in some cases that may suggest there's not discretion. We certainly have language that in some cases explicitly stating that the court has discretion. Has there ever been a case in which the district court exercised what it thought was its discretion not to consider an issue, and we said, no, you have to consider it? There aren't any cases like that, are there? Right. I don't think that case exists one way or the other. So, in a sense, everything we've said on this present context is dictum. We're writing somewhat on a clean slate. But, you know, when we say it's de novo, there's implicit a lot of typical rules like law of the case. If it wasn't raised before, you can't raise it after remand. We certainly have cases saying that the court has discretion. We're not bound by any holding on the circumstances of this case, are we? I feel like that, yes, that I think it's a close question. I guess the declarations by this Court that resentencing is to be conducted as a fresh procedure, the defendant was entitled to raise new issues. I think those. But we didn't. In those cases, that was not necessary to the decision, was it? Right. I understand. Yes. I agree with you. There is no exactly on point case declaring this. But the rule we suggest seems to me quite consistent with those declarations. It's also consistent with the remand statute 3742G, which says on remand, a district court to which a case is remanded shall resentence its defendant in accordance with section 3553, that's the sentencing factors case, and with such instructions that may have been given by the court of appeals. It's also fair to both parties to tell the district court, look, when we have an unlimited remand, this is what it means. Everything brought before you is, it's a clean slate. It's a new procedure. And it's fair to both parties. So you don't end up with something like we did here, where the court allowed the government to put on new evidence, but did not allow the defense. I mean, allowed us to argue it, but chose not to decide it. Are there any holdings in other circuits that might provide some guidance to us? The problem with the other circuits is that most of them, we're in the minority in having the default rule of an open resentencing. So a lot of other circuits tend to have, don't have these kinds of open remands that the Tenth Circuit routinely does, and there's discussion of that in the West case, when West says we can understand what we do here really in contrast to what other circuits do. In contrast, the scope of the mandate on remand in the Tenth Circuit is carved out by exclusion. Unless the district court's discretion is specifically cabined, then it goes into the language that I understand could suggest that the district court can decide what to decide. The district court may exercise discretion. The approach has been characterized by a sister circuit as a presumption in favor of a general remand. The default in this circuit is de novo resentencing. So, again, I think our circuit is enough different. I had a tough time finding one. And we're unique in that regard? You said we're in the majority. Are there some circuits? So I think that I've cited a Seventh Circuit. I know there's a Seventh Circuit in my case. I'll have to dig a minute to find it. But that looks close to us. But then there were some other Seventh Circuit cases that didn't. I had a hard time finding another circuit where it was, where really the default rule was. And in all of our cases where somebody is arguing the mandate rule in a second appeal, we continue, our circuit continually goes back to that. Our unlimited resentencings are de novo, and so we don't talk about the mandate rule in those cases, whereas other districts are more likely to be considering their reversals to be limited. Could I restate our default rule is not that it's open-ended, but that our default rule is that the district court has discretion whether to decide. And that's the, yes. That's the question that I think is unclear in the cases as they've developed since Smith. It seemed like in Smith and the Did the district court in this case determine that it did not have jurisdiction No. Excuse me. Did it not have discretion? Or did it determine that it had discretion but chose not to exercise it? Which? The second. The latter. She recognized the government's argument that on an open remand, the district court has discretion. She agreed with that position and said, and there are many points. I think in my, in the opening brief, I list all the points where she says I am choosing not to decide. So she makes it very clear. Why is that? Why did she so choose? She, for several different reasons. So there were two kind of overarching variance arguments. One was the data-based argument about unwarranted disparity. And she felt like she just didn't have enough information on that one. On the true first offender argument, she stated that she wasn't very convinced by the Sentencing Commission reports about recidivism and true first offenders. And she also felt that she was leaning against deciding it because it wasn't raised at the first sentencing. Well, but on that latter point, did she so expressly hold that it wasn't raised and therefore waived? She didn't call it a waiver. I don't think she called it a waiver. She just said that was a consideration she took into account in deciding not to decide. Well, that brings me to where Judge Lucero has just taken us back because I've got the transcript. And that's if I'm saying, okay, you had the right to raise new matters before the court when you came back. And assuming that we agree there, which the question then is, where is the error that the trial court committed when refusing to say, I'm going to grant you the variance and the transcript on those issues that you just, it looks to me like the trial court responded pretty specifically as to why we weren't going there and that's why they denied the variance. Now, where's the error in that? So first I want to clarify that. So we've made two arguments. One, it was a legal error for her to conclude that she could decide not to decide. And then we've also argued that she abused, I know, that she abused her discretion when she decided not to decide. So that's issue two in our brief. And so we've walked through the reasons that she gave and given arguments why, number one, there was sufficient data for her to decide the disparity issue. And I submitted a letter of additional authority where other district courts have had that same data in front of them and have granted variances and found that evidence sufficient. Yeah, but that's your argument, that there was sufficient, and you can't, from this record, I can't see where the trial court refused to look at that information. And after looking at it, in the trial court's opinion, there's not enough there. So I'm going to exercise my discretion and say, no, counsel, I'm not going to, I'm going to deny a variance. But she didn't deny it. She chose not to decide. Isn't that a denial? And that, to me, so let me put it this way. I don't think we'd be up here arguing an abuse of discretion if she had simply denied the variance. I think her reasons might have been slightly different. But the fact that she chose not to deny, you know, not to rule suggests that she wasn't yet at a decision-making stage. So was that okay to not make a decision? And that's where we differ with the government and the district court, both legally and on the reasons that she gave, which, again, we kind of walked through those in the second issue in our brief. If I can reserve some time for rebuttal, I'd like to do that. But I'm happy to answer more questions. The time is yours. Okay. People look to me for saying, shall I take the rebuttal question. Thank you. It's your decision. Thanks. Good morning. May it please the Court. Carrie Capwell for the government. Here the district court gave rational reasons for its decision not to decide the variance on two points. And what is the rational reason that she gave for choosing not to decide, or for deciding not to decide? Yes, Your Honor. As to the first defendant's argument on variance based on the ICE disparity, so the argument that defendants in the District of Kansas are sentenced at a much higher rate based on ICE versus a mixture of methamphetamine versus the rest of the nation. So on that issue, the district court found that despite the fact that the defendant had provided a lot of statistics, a lot of data on this point, the data did not answer the key question. And the key question is, okay, there's a difference. I see a difference based on your statistics. However, what is the reason for that difference? Under 3553A6, it has to be an unwarranted disparity. Here the district court found that the data the defendant presented did not answer whether the disparity was warranted, which would have been fine, no basis for a variance there, or unwarranted. And the reason for that is, and the defendant, or the district court, excuse me, put this on the record, she had several questions. For example, is there something about the nature of the cases that are brought in the District of Kansas that in those cases the law enforcement tests for, tests methamphetamine to determine whether it's ICE or not? Is it a matter of multiple defendant cases? So am I wrong, then, in, I just seem to glean from the briefs, and maybe I'm misreading, but I seem to glean from the briefs the proposition the district court was saying, I'm not going to hear this because it wasn't raised below, and therefore, I'm not going to consider it. Your Honor, that is not the government's reading of what the district court stated. The district court listened to the argument, seriously considered all the data that was presented to her, both by the defendant and then the government's response. And I'm addressing right now specifically the ICE argument. I'm talking about the post-conviction conduct. The post-conviction conduct. Right. All right. So as opposed to the first true offender argument. Right. All right. So a couple points there. In the defendant's sentencing brief, he broke out the various arguments he proposed to make for a variance. And so there was the first true offender argument. He had worked 180 hours towards his GED since then. Yes. He did, he was wanting to demonstrate that he had gone straight. Yes. That he wasn't going to, that should be considered in the resentencing. Yes, Your Honor. And so that was in his sentencing memorandum. Now, once we get to. No, no, no. But let's track my question. Yes. So she didn't, she elected not to consider that post-conviction conduct, right? I disagree with that interpretation. You don't have to disagree. Just explain to me where in fact she did it. So, Your Honor, she didn't specifically speak to the post-sentencing rehabilitation conduct of the defendant. The post-original sentencing. Exactly. The time that he had been, he had spent after the first sentencing in custody until his resentencing. Right. So really, from my recollection of the record, that topic was not discussed during the sentencing hearing. Now, this Court has said, though, this was a within-guideline sentence, and that when a district court sentences within the guidelines, it need not provide or respond to every single argument for leniency that the defendant raises. I believe that's Ruiz-Terasa is the name of the case. And so that here, the district court did not need to respond to every single argument that the defendant raised, either in his sentencing memorandum or before the district court. Your Honor, I had understood your brief to suggest that the arguments as to his post-conviction conduct were not the main part of his first offender claim. That is correct. We view those two as separate arguments. So that was one of the arguments we made before the Ruiz-Terasa's argument are more preliminary. Meanwhile, he had argued that his work, quote, while in custody is consistent with his true first offender status. Yes. That it's consistent with, from the government's point of view, those are separate arguments. However, for a variance. And that's what I had understood the district court said, well, we're not going to consider that at resentencing. That was not my understanding, Your Honor. Well, I might have misread the briefs. I'm sure counsel for the defense will set me straight. Your Honor, the only time I recall at the sentencing proceeding that the issue of post-sentence conduct came up was when defense counsel was referring to just in general, giving examples when in general district courts will consider new information at sentencing. You do not argue, it's not your position that the court could not consider this post-conviction, post-first sentencing conduct. Correct. The district court had discretion. It was within her discretion to decide the scope of the remand and what issues she would consider or not consider. And certainly the district court could consider. And what is your understanding of what the district court did? Did it consider that? There's nothing in the record that explicitly shows that the district court considered the post-sentencing conduct. But again, under this Court's authority, when a sentence falls within the guidelines, which here it was the low end of the new guideline range, the district court doesn't have to address every argument for leniency. So we don't know. But it may have been factored into that low end of the guideline sentence. Let me ask if you agree with defense counsel on the state of the law. Are there any holdings in this circuit, in this factual context, where the district court said, I'm exercising my discretion not to consider an issue on remand, and we either said the district court did have to address the issue? Are there any holdings in that context, as opposed to various statements that are a little bit inconsistent? So you're on one case that comes to mind. It's an unpublished case. It's the Hopkins case, if I'm recalling correctly. I'm not particularly interested in unpublished cases. All right. That's not precedent. What I'm asking is whether there's any precedent binding us on this specific issue, in your view. I don't believe in this specific issue. What about Pepper v. United States? I don't think you're going to argue that, in answering Judge Hart's, that U.S. Supreme Court authority is precedent. I don't mean precedent, but binding. Right. And what does that case hold? That the district court could consider post-sentence conduct at a resentencing hearing. And I believe we discussed the Seventh Circuit case Barnes, which interpreted Pepper and discussed Pepper. That it may consider. The way I have Pepper, the court said specifically that post-conviction conduct sheds light on the likelihood that, quote, And her peer put a bracket because it's he. That the defendant, bracket, may be on whether he will engage in future criminal conduct, central factor that the district court must assess when imposed. Not may, not the old shall that Judge Hart's asked about early in his tenure in the court, but must. And I don't take that as permissive. And it says that it's important that the court's duty to sentence a defendant as he stands before the court on the day of sentencing is what matters. And so you have to consider post-conviction conduct. So it just seems to me that the way you're answering the question begs, Judge Hart, begs the Supreme Court authority on point. Yes. And that case, Your Honor, as Your Honor pointed out, specifically dealt with the post-sentence conduct. Right. And not the larger argument that the defendant is making that on resentencing, after a remand, as long as this court has not specifically cabined what can be addressed at the resentencing, that the district court has to, is mandated. That's a defendant's argument, is mandated to consider every single argument that they raise. Right. And that's contrary to what this court has noted in several cases. In the cases that we pointed out in our brief, where West is really the clearest statement on that, which is basically said the district court may, and then specifically this court put in parentheses, not must. Let me ask you on Pepper. Was that a decision of the Supreme Court after the original sentencing? Or was the sentencing in Pepper after a remand, a reversal on sentencing? I think. Your Honor, I'm sorry. I can't remember. I should have looked at that. Well, that would make a big difference in the precedential effect in our case. It would make a difference in terms of if it was at a resentencing, then it's a parallel situation. To the entire case. And so there are lots of things that the district court has to consider at the initial sentencing. It's a different game when there's been a reversal, and the defendant tries to raise issues that weren't raised at the original sentencing. And that's what we're talking about here. Does the court have to consider issues that the defendant raised only at the second, only at the resentencing, not at the original sentencing? Right. And this Court's jurisdiction, at least from the way the government, we see this, this Court has been clear that the standard is abuse of discretion. Well, may I interject here since this is a conversation amongst the bench as well? Count me out. Let me ask you this. How, if after the original sentencing, this chap, as he claims, worked 180 hours towards his GED, graduated from a 240-hour English as a second language class, had not had disciplinary problems, he submitted a prison teacher letter about his positive contributions, et cetera, et cetera, et cetera, how precisely could that have been raised at the first sentencing, since we don't have a Superman spinning the earth backwards concept here? It's impossible, right? Right. I mean... All right. So when the Supreme Court says you must consider this conduct, and the Court says, oh, well, that wasn't raised before, well, duh, it couldn't have been raised before. It hadn't happened. So I don't understand your argument, nor your answer to Judge Hartz's question, let alone the question. Yes, Your Honor. I think I did concede that I need to read Pepper more carefully and that I'm not, I can't remember the exact... I'll just read from the annotation to start. It was on resentencing. And this synopsis says, And I think, too, on the defendant who's been in custody, there are several defendants. Many defendants have been in custody before their original sentencing, and certainly those defendants are free to argue. Look at my time in custody and look at how I've behaved. I've had no disciplinary intent, et cetera. So that could still be brought to the district court's attention, even at an original sentencing. Absolutely. That's what I understood. That's why I was asking counsel before. That's what I understood had happened here, and that the Court said it had essentially not considered that. Or she says, well, maybe I'm wrong about that, and I may be. I don't know. I just read briefs and do the best I can. Yes, Your Honor. And as to the second argument that the defendant focused on at the sentencing proceeding, and that was his true first offender argument, the district court there also gave reasons that were sound for not, for exercising her discretion not to decide that issue. And that was basically that the data from the Sentencing Commission report, one of which she noted was rather old, did not really give her a complete picture. And so, therefore, this, what is this case about? Why are we here? What's the question for us to decide? The question is whether the district court abused its discretion when it decided not to decide two arguments for variance at the sentencing. And we argue that the district court gave rational reasons, sound reasons for not deciding  Well, and in so arguing, it seems to me you just ignore Pepper. And maybe it's, I'm pushing you unfairly because you haven't conceitedly read Pepper, but I don't think that that word must can be read the way it suggests here that it can't be. I think the issue with Pepper is that Pepper dealt with the post-sentence conduct while in custody, but there's nothing in the record that shows that the district court refused to consider that information. It was Oh, I just thought you said that it had exercised its discretion not to do that. On the true first offender issue, which the government views as a separate issue. The first, the true first offender issue Did I read to you before the language from the brief when they said that they're combining those issues? Well, the They're not two little heads the way you're considering it, but one. Right. And the government, we disagree. We see those as two separate issues because the true first offender looks at conduct before the arrest. Right. And post-sentencing rehabilitation conduct looks at conduct after the person has been in custody. So we see those as completely separate arguments. And Pepper deals with the latter. Correct. Correct. And I see that I am out of time. I have another question after your answer to Judge Lucero. What is this case about? Are you conceding that on remand from this court, the district court has authority to completely redo the sentencing that's going to come up before that court on the remand? Are you conceding that issue? The district court can consider new issues and new evidence as long as this court did not specifically limit the remand. All right. So you're agreeing that that is the law that we should have in this circuit? Yes, Your Honor. And you're agreeing that that is the law in this circuit? Yes. All right. All right. I see that I am out of time. Thank you. Thank you. Thank you, counsel. Was the clock running backwards at that point? I was so enamored of the argument and so involved that I let you go over a minute and 40 seconds. I just wanted to point out a couple of quick things about Pepper and then add one more case to the mix. Obviously, Judge Hart already figured out that Pepper was about resentencing. Did Pepper come before or after what we're arguing now? When was Pepper released? Pepper was decided before this resentencing. Okay. Is that the question? Yes, that's the question. It's definitely before this resentencing. And I could probably get you the exact date in a moment. But a couple of things that the Pepper court. I think it was 2011. Yes. That's when it came down. Thank you. The Pepper court in discussing the circuit court's remand, unlimited remand in Pepper, the Pepper court says the circuit court had effectively wiped the slate clean. And also quotes a Second Circuit case for the proposition that when in resentencing a defendant, a court's duty is always to sentence the defendant as he stands before the court on the day of sentencing. So that would be on the day of the resentencing. And Judge Hart had asked about any other cases where a district court had chosen not to decide, an argument made. And I'm sorry, I can't remember for sure whether this was a case where the district court. Not just had decided not to decide, but had said, I'm exercising my discretion not to decide. Okay. So I'm going to throw out a case name and confess. I don't know exactly if that's exactly on point. But the, grab it. Grab my note here on it. The 2015 case from this circuit, Figueroa-Labrada, was about the, whether or not a defendant at a resentencing could get the safety valve relief. Because at the first sentencing, that defendant had not given sufficient information. And the district court refused to hear that at the new sentencing because the defendant had not given that information at the first sentencing. And this Court said, and part of it was because of the statutory language, but it was including the statutory language I cited earlier about remands for resentencings that are unlimited, that the district court was statutorily obligated to decide that because the remand statute sends you back to 3553, which says you must consider all of these factors. May I ask a question? This argument has taken a turn that I wasn't expecting, and I need to clarify something. Okay. My understanding of what the district court refused to consider with respect to the first offender argument was, I'm not going to get into all these statistics and the data about whether a true first offender should be distinguished from someone with a criminal history of one who has one point. I'm just not going to get into that. Not that the district court said, I'm not going to consider whether the defendant here has acted properly, has been on his good behavior in the time between the first sentence and the sentence on remand. Is that your understanding, and if not, why do you say that? So, we believe that counsel had linked the Pepper argument and the true first offender argument and intended that those be linked. When the district court said, I don't want to get into this data, she was referring to the true first offender data. So, she says, I exercise my discretion not to entertain the argument for a variance on the basis of a true first offender. She doesn't mention the post-sentencing rehabilitation in this paragraph. She says again, the Sentencing Commission has not adopted this report. It's a very old report. She kind of overlooks the 2017 report there. And again, on the basis of this record and the fact that it has only been raised now post-remand, I exercise my discretion not to try to dive into this data. Because if Pepper is a decision on what law of the case requires, there's a real distinction between those two arguments, because the one regarding the data could have been raised before and wasn't. And so you could say you're not entitled to raise that now under law of the case. On the other hand, the new information about behavior since the first sentencing, that would never be barred by law of the case doctrine. It's new information. Right. Certainly. So my first point is, again, counsel intended that those issues be linked. But more importantly, this Court said in West, I think, most clearly that when you have the open remand, we don't have that rule, that law of the case rule doesn't apply at that fully de novo resentencing. And so, and the same thing in Lebrada. Thank you.  Thank you. Shall I stay here? I beg your pardon. Shall I stay? Oh, my goodness. What's going on here? Good friend's day.